10-5113-ag
Taylor v. Holder

BIA
Laforest, IJ
A091 985 458

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

**PRESENT:**

> **DENNIS JACOBS,**
> > <u>Chief Judge</u>,
> **RALPH K. WINTER,**
> **REENA RAGGI,**
> > <u>Circuit Judges</u>.

————————————————————————

Lawrence Arthur Taylor,
> <u>Petitioner</u>,

> v.                                             10-5113-ag

Eric H. Holder, Jr., United States
Attorney General,
> <u>Respondent</u>.

————————————————————————

FOR PETITIONER:            Lawrence Arthur Taylor, <u>pro</u> <u>se</u>, New York, NY.

FOR RESPONDENT:           Kathryn M. McKinney (Stephen J. Flynn, Assistant Director), Office of Immigration Litigation, Civil

**Division, U.S. Department of Justice, Washington, D.C., for Tony West, Assistant Attorney General**

Petition for review from a decision of the Board of Immigration Appeals ("BIA").

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DISMISSED, in part, and DENIED, in part.**

Lawrence Arthur Taylor, a native and citizen of Jamaica, petitions for review of the BIA decision affirming the decision of the Immigration Judge ("IJ"), finding him removable due to a conviction for a controlled-substance offense, Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). See In re Lawrence Arthur Taylor, No. A091 985 458 (B.I.A. Nov. 19, 2010), aff'g No. A091 985 458 (Immig. Ct. N.Y. City Sept. 17, 2009).

We have reviewed both the IJ's and BIA's decision. See Zaman v. Mukasey, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** We lack jurisdiction to consider a petition for review of "any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)," 8 U.S.C. § 1252(a)(2)(C), unless the petition raises "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), that are "colorable," see Barco-Sandoval v. Gonzales, 516 F.3d 35, 40 (2d Cir. 2008). Taylor was found removable under 8 U.S.C. § 1182(a)(2)(A)(i)(II), and his petition fails to raise a colorable constitutional claim or question of law.

**[2]** Taylor's claim of ineffective assistance of counsel fails for lack of any compliance with the procedure for raising such a claim provided in Matter of Lozada, 19 I. & N. Dec. 637, 639 (B.I.A. 1988). Although we do not require "slavish adherence" with that procedure, we do require, at minimum, "substantial compliance" with that procedure, Yang v. Gonzales, 478 F.3d 133, 142-43 (2d Cir. 2007).

In any event, Taylor's counsel was not ineffective. Taylor must establish that he suffered prejudice from his counsel's concession that his conviction was a controlled substance offense. See Cekic v. I.N.S., 435 F.3d 167, 171 (2d Cir. 2006). An alien is inadmissible if he was convicted of "a violation of (or a conspiracy or attempt to violate) a[] law or regulation of a [s]tate . . . relat[ed]

3

to a controlled substance (as defined in section 802 of Title 21)." 8 U.S.C. § 1182(a)(2)(A)(i)(II); <u>see also</u> 21 U.S.C. § 812(c), Schedule I(c)(10) (listing marijuana as a Schedule I narcotic). Taylor was convicted of "knowingly . . . [p]ossess[ing] marijuana for sale" under Ariz. Rev. Stat. § 13-3405 -- a crime related to a controlled substance.

Finding no merit in Taylor's remaining arguments, we hereby **DISMISS, in part, and DENY, in part,** Taylor's petition for review.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```